UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MATTAVIOUS QWAURTEZ WORTHAM** | **DOCKET NO. 5:16-cv-339; SEC. "P"** |
| **VERSUS** | **JUDGE HICKS** |
| **JERRY GOODWIN** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Pro se Petitioner Mattavious Qwaurtez Wortham (DOC #704502) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Petitioner alleges that the 26th Judicial District Court, Webster Parish, lacked subject-matter jurisdiction to convict him. Thus, Petitioner seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

According to his petition and exhibits, Petitioner was charged in the 26th Judicial District Court, Webster Parish, Louisiana, with seven criminal counts. On August 14, 2015, Petitioner entered a guilty plea to Count 3 - Second Degree Robbery, Count 4 - Attempted Armed Robbery with a Firearm, and Count 6 - Attempted Second Degree Murder. The remaining counts were dismissed. Petitioner was sentenced to 33 years of imprisonment at hard labor. (Doc. 1, p. 45).

On February 5, 2016, Petitioner filed a pro se motion in the 26th Judicial District Court entitled "Judicial Notice for Dismissal," wherein he challenged the court's "subject-matter jurisdiction" to convict and sentence Petitioner. (Doc. 1, p. 45). In addressing Petitioner's "Judicial

Notice for Dismissal," the district court cited Louisiana Code of Criminal Procedure article 16, which provides that courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the Louisiana constitution and statutes. (Doc. 1, p. 45).

Petitioner also filed an application for post-conviction relief on February 5, 2016, raising the jurisdictional issue. (Doc. 1, p. 15).

**Law and Analysis**

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Such petitions are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A state prisoner may also seek habeas relief under § 2241 for pre-trial issues, such as violations of the state speedy trial act, double jeopardy, or bond conditions. See Stringer v. Williams, 161 F.3d 259 (5th Cir. 1998); Dickerson v. Louisiana, 816 F.2d 220 (5th Cir.), cert. denied, 484 U.S. 956 (1987).

However, 28 U.S.C. § 2254 specifically governs challenges to state court convictions. Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." Carmona v. Andrews, 357 F.3d 535, 537 (5th Cir. 2004) (citing Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000)); 28 U.S.C. § 2254(a) (stating that federal courts "shall entertain an application for a writ of habeas corpus [from one] in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."). Section 2254 applies to post-trial situations in which a judgment has already been entered against the petitioner. See id.

In this case, Petitioner is not a pre-trial detainee, and he is not challenging the execution of his sentence. Petitioner challenges his state court conviction on the grounds that it was obtained in

violation of the Constitution and laws of the United States. Therefore, Petitioner's claim is governed by § 2254, not § 2241.

Petitioner was informed that the Court intended on construing his § 2241 petition as one under § 2254. (Doc. 8). Thus, Petitioner was ordered to amend his petition on a § 2254 form if he wished to proceed. Petitioner responded, insisting that he did not wish to file a § 2254 petition, and arguing that he could proceed under § 2241. (Doc. 10). Petitioner is incorrect. Petitioner is not entitled to have his claims reviewed under § 2241. Section 2241 empowers a federal court to grant writs of habeas corpus, in general, while **§ 2254 "applies to a subset of those to whom § 2241(c)(3) applies—it applies to 'a person in custody pursuant to the judgment of a State court**.' " Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015) (emphasis added)(citing Medberry v. Crosby, 351 F.3d 1059 (11th Cir. 2003); 28 U.S.C. § 2254.

Regardless of how they are phrased, Petitioner's claims are premised on purported errors that allegedly occurred in his underlying state criminal proceedings. Therefore, the claims implicitly challenge the validity of his state criminal judgment, and he must seek relief under § 2254, not § 2241. See Sims v. Cooper, No. 12-cv-409, 2012 WL 5463909, at *2 (E.D. La. Oct. 11, 2012), report and recommendation approved, No. 12-cv-409, 2012 WL 5463784 (E.D. La. Nov. 8, 2012) (citing Propes v. District Attorney Office, 445 Fed. App'x 766, 767 (5th Cir. 2011), cert. denied, 132 S.Ct. 2103 (2012).

A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court

claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id.

Petitioner filed an application for post-conviction relief in the state court. However, it is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004). Thus, to have properly exhausted his claim in state court, Petitioner must have fairly presented the same claim and legal theories that he urges in this Court to the state courts, up through the Louisiana Supreme Court, in a procedurally proper manner. Petitioner has provided no evidence of exhaustion of his habeas claims.

For the foregoing reasons, Petitioner's § 2241 petition should be construed as a § 2254 petition and **DISMISSED** for failing to exhaust state court remedies. Likewise, Petitioner's motions for immediate release (Docs. 9, 11) should be **DENIED** and **DISMISSED.**

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

4

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 12th day of July, 2016.

_____
Karen L. Hayes
United States Magistrate Judge